Argued December 15, 1975, reversed January 12, 1976

McINTIRE et al, *Petitioners,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

544 P2d 173

*Daniel E. McCabe,* Hillsboro, argued the cause and filed the brief for petitioner.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, W. Michael Gil-

lette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

**LEE, J.**

This is a judicial review of a decision of the Employment Appeals Board which affirmed the referee's finding that denied unemployment compensation to claimants. We reverse.

Claimants are construction carpenters, employed by Gale Wheeler Construction Company, who on April 3, 1975 were assigned to a job at the Publishers Paper Company plant in Newberg. At the end of that work day the claimants' employer told them that there would be no more work for them until further notice. The reason given by the employer was that he anticipated that a picket line would be established at the job site the next day by the employes of the Publishers Paper Company. On April 4 such a picket line was established.

The employes of the paper company and the claimants were members of completely different unions with different employers. Claimants were not engaged in any labor dispute with their employer.

On April 4, 1975 the strikers permitted claimants to enter the job site to get their tools but told them "not to even touch a, a bit of work in there 'cause they'd come in after us."

The respondent Employment Division insists that claimants are disqualified from receiving unemployment compensation by ORS 657.200 which provides in part that:

"(1) An individual is disqualified for benefits for any week with respect to which the administrator finds that his unemployment is due to a *labor dispute* which is in active progress at the factory, establishment or other premises at which he is or was last employed or at which he claims employment rights by union agreement or otherwise.

"* * * * *." (Emphasis supplied.)

Claimants contend that (1) their unemployment was not due to a "labor dispute" which was in active

progress at the premises where they were last employed, and (2) if their employment was due to a labor dispute, then they are nevertheless exempted by ORS 657.200(3) which provides:

"(3) This section does not apply if it is shown to the satisfaction of the administrator that the individual:

"(a) Is not participating in or financing or *directly interested in* the labor dispute which caused his unemployment; and

"(b) Does not belong to a *grade or class* of workers of which, immediately before the commencement of the labor dispute, there were members employed at the premises at which the labor dispute occurs, any of whom are participating in or financing or *directly interested in* the dispute." (Emphasis supplied.)

The record shows that the claimants were not "participating in or financing or directly interested in the labor dispute which caused * * * [their] unemployment." ORS 657.200(3)(a). Respondents did not contend to the contrary.

■ Our focus, therefore, turns to the "grade or class" exception to the labor dispute disqualification, ORS 657.200(3)(b), (hereinafter (3)(b)).

We draw our guidance from *Cameron et al v. DeBoard; MacInnes et al,* 230 Or 411, 427-28, 370 P2d 709 (1962) in which the Supreme Court said:

"* * * the most important factor in the application of (3)(b) is the presence or absence of a *community of interest* between the workmen involved in a labor dispute and their nonstriking fellow workmen. * * *" (Emphasis supplied.)

The record in the case at bar shows an absence of "community of interest" between the striking employes of the paper company and the nonstriking claimants. Each group was in a different union and the unions were completely unrelated. Claimants were not in a position to receive any benefits from the strike.

The Supreme Court in *Cameron* stated:

"Negligible interest, i.e., remote interest or mere sympathy, does not disqualify at all. Thus, we may disre-

[ 70 ]

gard the kind of interest which might be characterized as generic in labor relations, i.e., the sympathy a member of one union might entertain upon general principles for the objectives of another union. The kind of *indirect interest* which will bring a claimant into a class contemplated by (3)(b) therefore lies between direct and negligible, or inconsequential, interest," 230 Or at 426. (Emphasis supplied.)

In the case at bar we find no "indirect interest" which would bring claimants within the class contemplated by (3)(b).

■ While it is true that claimants have the burden of establishing a prima facie case under (3)(b), *Scoggins/Yost/Strong v. Morgan,* 11 Or App 502, 506, 503 P2d 509 (1972), we find that the claimants in the instant case have done so by their testimony that they had no interest in the strike and were not in the same classification as the strikers.

Reversed.